## Richmond

BONNIE J. BOSWORTH

v.

COMMONWEALTH OF VIRGINIA

No. 0522-87-2

Decided January 17, 1989

COUNSEL

David Whaley (Elizabeth H. Dashiell; Morchower, Luxton & Whaley, on brief), for appellant.

Virginia B. Theisen (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

BARROW, J.—In this appeal of a conviction of possession of marijuana with intent to distribute, the defendant challenges the stop of her automobile. She contends that she was illegally detained because a state trooper stopped her automobile under a pretext. Although the trooper testified that he stopped the defendant because she was speeding, she alleges that he stopped her because her car met a drug courier profile. The defendant also contends that consent to search her automobile was obtained by coercion and that certain statements she made were inadmissible because they were made before she was advised of her *Miranda* rights. We decide that the trial court did not err in finding that the trooper was justified in stopping her vehicle, that she voluntarily consented to the search of her vehicle, and that the trooper was not required to advise her of her *Miranda* rights prior to the time she made incriminating statements.

A state trooper stopped the defendant while she was driving a car north on Interstate 95. The trooper first noticed the vehicle because it was bearing a Florida rental license plate and traveling northbound, which indicated to him that it "possibly could have been a drug courier vehicle." He caught up with the defendant, noticed that she was exceeding the speed limit, and pulled her over. The trooper checked her driver's license and registration and determined that the automobile was rented to a different person, although the defendant was listed as an additional driver. He asked if he could search her automobile, and she agreed. He found fifteen pounds of marijuana in luggage located in the trunk.

## STOP OF AUTOMOBILE

The defendant contends that the marijuana was illegally seized since the trooper stopped her car because it met a drug courier

profile, not because she was speeding. Thus, she argues, the stop was illegal and the search that followed was prohibited. We disagree.

■ Although a drug courier profile which does not establish probable cause or reasonable suspicion of criminal activity may not alone justify a policeman in stopping an automobile, it may be a useful law-enforcement tool. *Taylor v. Commonwealth*, 6 Va. App. 384, 386-88, 369 S.E.2d 423, 425 (1988). Such a profile may be used to identify automobiles or people for less intrusive investigation, including surveillance. If such an investigation leads to a stop of the vehicle, the legality of the stop depends upon whether, prior to the stop, the officer acquires additional information justifying his action. *See, e.g., Iglesias v. Commonwealth*, 7 Va. App. 93, 102 , 372 S.E.2d 170, 175 (1988).

■ Justification for stopping an automobile does not depend on the subjective intent of the police. Compliance with the fourth amendment depends, instead, on "an objective assessment of an officer's actions in light of the facts and circumstances then known to him." *Scott v. United States*, 436 U.S. 128, 136 (1978); *see also Maryland v. Macon*, 472 U.S. 463, 470 (1985); *Iglesias v. Commonwealth*, 7 Va. App. at 102, 372 S.E.2d at 175. Even if a police officer relies on insufficient facts, his actions are not invalidated if all of the circumstances, "viewed objectively," justify his actions. *Scott v. United States*, 436 U.S. at 138. This principle applies in evaluating a police officer's stop of an automobile. *United States v. Basey*, 816 F.2d 980, 991 (5th Cir. 1987); *United States v. Hawkins*, 811 F.2d 210, 214 (3d Cir.), *cert. denied*, 108 S. Ct. 110 (1987).

Use of the word "pretext" in such an evaluation does not resolve the question of fourth amendment compliance. If "pretext" is used to describe the stop of an automobile without a sufficient factual basis, it identifies a detention in violation of the fourth amendment. For example, an automobile may not be stopped because of a reason that does not in fact exist; *State v. Barrow*, 397 N.E.2d 422, 424 (Ohio App. 1978); or one that is incredible; *Tarwid v. State*, 363 S.E.2d 63, 65 (Ga. App. 1987); *United States v. Cruz*, 358 F.2d 535, 541 (5th Cir. 1978); or one that is discounted before the detention; *State v. Garland*, 482 A.2d 139 (Me. 1984). However, if "pretext" is used to describe a police officer's reliance on an insufficient basis for stopping an automobile

where a sufficient basis also exists, the word only identifies the officer's subjective intent which does not affect the constitutionality of the stop. *United States v. Basey*, 816 F.2d at 991; *United States v. Hawkins*, 811 F.2d at 214.

While this defendant asserts that the officer stopped her car based on a pretext, her real concern is the officer's subjective motives. She does not contend that she was not speeding or that the officer did not see her speeding. Instead, she says that, even if she was speeding, the officer's real motive for stopping her was because she fit a drug courier profile. Once the police officer saw the defendant speeding, he was justified in stopping her vehicle. Code § 46.1-198. The fact that the defendant initially attracted the officer's attention by fitting a drug courier profile did not diminish the officer's authority to stop her when he later observed the speeding violation. Therefore, we conclude that the stop of the defendant did not infringe her right to be free from unreasonable search or seizure.

## SEARCH OF AUTOMOBILE

Additionally, the defendant challenges the warrantless search of her automobile following her stop. The Attorney General asserts that the defendant consented to the search; the defendant contends that she did not.

Initially the defendant verbally consented to the search. Soon after he stopped her, the trooper asked if he could search the vehicle and she said, "Yes, sir. Go ahead." Later, when she expressed reservations about the search, another trooper at the scene told her that if they did not have permission to search the car, they would obtain a "K-9 dog and, if the dog responded positively, would obtain a search warrant." The defendant then acquiesced to the trooper's request and signed a prepared consent to search form.

The defendant contends that her consent was coerced. However, merely advising her that a search warrant could be obtained is not coercion. *See United States v. Calvente*, 722 F.2d 1019, 1023 (2d Cir. 1983), *cert. denied*, 471 U.S. 1021 (1985). Furthermore, any factual disputes about what occurred at the scene and whether the troopers coerced the defendant were resolved by the

trial court and, since they are not plainly wrong, cannot be disturbed on appeal. *McFadden v. Commonwealth*, 225 Va. 103, 108, 300 S.E.2d 924, 926 (1983). Therefore, we hold that the trial court did not err in finding that the search of the defendant's car was proper.

## *DEFENDANT'S STATEMENTS*

Finally, the defendant contends that certain statements she made during the course of the search were improperly admitted into evidence because she had not been advised of her *Miranda* rights. When one of the troopers presented the consent to search form for her to sign, he asked if there was "anything illegal." She responded, "You're going to find it anyway." She also said, "Yes" to the trooper's question if "everything in the vehicle [was] hers." She was later advised of her *Miranda* rights when she was arrested.

■ Although an accused in custody must be advised of certain constitutional rights prior to being questioned, *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966), a *Terry* stop of a person to investigate a suspicion is not necessarily subject to the requirements of *Miranda. Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *see also May v. Commonwealth*, 3 Va. App. 348, 353, 349 S.E.2d 428, 430 (1986). A motorist stopped by police for a traffic infraction is not subject to the protections prescribed by *Miranda* until he is subjected to treatment that places him "in custody." *Id.* at 440.

■ Whether a person is "in custody" for purposes of *Miranda* involves consideration of a number of factors. Among these are (1) the familiarity or neutrality of the surroundings, (2) the number of police officers present, (3) the degree of physical restraint, (4) the duration and character of the interrogation, (5) the presence of probable cause to arrest and (6) whether the suspect has become the focus of the investigation. *Wass v. Commonwealth*, 5 Va. App. 27, 33, 359 S.E.2d 836, 839 (1987).

In this case the defendant was out of her automobile standing on the shoulder of the road. There were two police officers present. There was no physical restraint. When the defendant complained of the need to go to the bathroom, she was told that she was free

to leave. The questioning was very brief and related to the search. There was no probable cause to arrest her, but the investigation was focused on her automobile, and, presumably, upon her.

■ These factors do not establish as a matter of law that the defendant was in custody for purposes of *Miranda*. No single factor establishes custody for this purpose, and the fact that an investigation has focused on the defendant does not determine custody. *Id.* at 33, 359 S.E.2d at 839. The defendant was in public on the side of the road, was not under arrest, and had even been encouraged to leave for her personal comfort. Therefore, there was evidence supporting the trial court's conclusion that the troopers were not required to advise her of her constitutional rights and the statements she made were admissible.

In summary, when the trooper stopped the defendant's automobile for speeding the detention was lawful even though the trooper's attention had been initially attracted to the defendant's car because it met a drug courier profile. The evidence was sufficient to support the trial court's finding that the defendant consented to the later search of her automobile. Finally, the statements made by the defendant were admissible since they were made prior to any need that she be advised of her constitutional rights. For these reasons the judgment of conviction is affirmed.

*Affirmed.*

Cole, J., and Coleman, J., concurred.