## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

    v.

Dwayne Allen Stretch

September 8, 1989

By JUDGE H. CALVIN SPAIN

This [Motion to Suppress Defendant's Statement] was heard on September 5, 1989, with testimony from various witnesses concerning the facts surrounding certain statements made by the defendant in his bedroom to Detective Spry. The record speaks for itself as to the evidence and precise testimony. The Court, after careful review of the cases cited by the Commonwealth and the defendant, has prepared this letter opinion.

Perhaps *Bosworth v. Commonwealth*, 7 Va. App. 567, 572 (1989), is the handiest and most concise recitation of the factors to be considered by the court:

> Whether a person is "in custody" for purposes of *Miranda* involves consideration of a number of factors. Among these are (1) the familiarity or neutrality of the surroundings, (2) the number of police officers present, (3) the degree of physical restraint, (4) the duration and character of the interrogation, (5) the presence of probable cause to arrest, and (6) whether the suspect has become the focus of the investigation. *Wass v. Commonwealth*, 5 Va. App. 27, 33, 359 S.E.2d 836, 839 (1987).

The question presented to the Court is very close and of necessity turns on the individual factors in this

specific case and constitutes no authority that should be quoted as precedent. In considering the proper opinion, the Court is not unmindful of the portion of *Wass v. Commonwealth*, 5 Va. App. 27, 33 (1987), as follows:

> However, no single factor alone may necessarily establish custody for *Miranda* purposes, and not all factors may be relevant in a given case. The fact that the investigation had become accusatory and focused upon a suspect is not necessarily determinative of custody, *Smith v. Commonwealth*, 219 Va. 455, 470, 248 S.E.2d 135, 144 (1978), and probable cause for arrest, standing alone, does not trigger the right to receive *Miranda* warnings. *United States v. Woods*, 720 F.2d 1022, 1031 (9th Cir. 1983). The list of relevant circumstances is not exhaustive. The circumstances of each case must be considered from the viewpoint of a reasonable person in the suspect's situation.

The defendant was certainly familiar with and in the neutral surroundings of his own home. The number of police officers were not oppressive, and the degree of physical resistance, while in dispute, was minimal. The duration of the interrogation was certainly not lengthy. The character of the interrogation was not that of a dungeon master but left little to the imagination and, when considered in light of the other criteria to be considered, is significant in determining the motion to suppress. The knowledge within the mind of the detective at the time of the entry into the defendant's house certainly met the minimal requirements for probable cause for arrest. After finding certain incriminating evidence in the defendant's house, any questions of probable cause were eliminated. From the evidence before the Court, the defendant was the focus of the investigation at the time the statements in question were made. In all probability, he was the focus at the time the detective entered into the house and certainly was the focus after the incriminating evidence was found.

When the defendant was confronted with the evidence and the suggestion that he should explain his side of

the "case," the defendant clearly indicated that he did not wish to make a statement without consulting his attorney. It is apparent to the Court that the Detective desired to obtain a confession as "icing on the cake." Why shouldn't he? Confronted with the incriminating evidence and putting a reasonable person in the defendant's position, the defendant could only conclude that the "jig was up."

The testimony of the defendant was to the effect that he did not believe that he was free to leave his bedroom under the circumstances. The testimony of the officer, while a bit equivocating when asked whether he would have arrested the defendant as he attempted to leave the house after confronted with the incriminating evidence, was as follows: "Probably. Yes, sir."

The Court concludes that, despite the equivocal response of Detective Spry, no reasonable person would have felt free to leave. Consequently, the Court must conclude, from a legal point of view, that the defendant was in custody. The defendant was entitled to have his Miranda rights read to him. Further, the defendant had indicated his desire to speak with an attorney prior to making any statement.

Therefore, the Court concludes that the totality of the circumstances constituted a custodial interrogation and the defendant's constitutional rights were violated. Therefore, the incriminating statements made at his residence, to-wit: in his bedroom will be suppressed. To that extent only, the defendant's motion is sustained.