## CIRCUIT COURT OF CHESTERFIELD COUNTY

Commonwealth of Virginia

    v.

Gary Darwin Benitez

February 20, 1990

By JUDGE WILLIAM R. SHELTON

This Court concludes that a drug courier profile alone may not justify stopping an automobile on a highway for investigation. Consequently, the motion to strike the evidence seized must be granted.

On December 30, 1985, Chesterfield County Police Officer Nash, while patrolling Interstate 95, saw a northbound automobile having characteristics similar to those detailed in the drug courier profile. The automobile was a brown 1985 Oldsmobile Cutlass with Dade County, Florida, rental plates. The vehicle was riding level (not weighed down with luggage) and was traveling the speed limit.

After making the above determinations, Officer Nash, in a clearly-marked police car, pulled up alongside the defendant's vehicle. As Officer Nash looked over at the defendant, the defendant slowed his vehicle, and Officer Nash had to decrease his speed to 45 mph to fall in behind the defendant. The defendant looked at the passenger and rear view mirror repeatedly. Officer Nash cut on his emergency flashers, and the defendant drove for about a mile before stopping. Upon stopping, defendant was asked to produce a driver's license and a car rental agreement. The defendant was asked if he was transporting illegal contraband. Defendant denied he was transporting illegal contraband and consented to a search of the vehicle. Only one

piece of luggage was observed in the vehicle, but the officer noticed the back seat was loose, and behind it, he found three packages of cocaine.

The standards for an investigative stop of an automobile are comparable to those required for an "on-the-street encounter." *U.S. v. Brignoni-Pence*, 422 U.S. 873, 880-81 (1971). *Terry* requires that the officer be able to "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" stopping a person for further investigation. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). More specifically, in regard to investigative stop of an automobile, the Court in *United States v. Cortez* held it "must be justified by some objective manifestation that the person stopped is or is about to be engaged in criminal activity. *United States v. Cortez*, 449 U.S. 411, 417 (1981).

To determine if a particularized, articulable suspicion exists, the Supreme Court has held that the Court should look at the totality of the circumstances. *Cortez*, 449 U.S. at 417. This "particularized suspicion" is not achieved by the presence of drug courier profile characteristics alone. *Taylor v Commonwealth*, 6 Va. App. 384, 388 (1988) (citing *Reid v. Georgia*, 448 U.S. 438, 440-41 (1980); *United States v. Haye*, 825 F.2d 32, 34 (4th Cir. 1987); *United States v. Aquiar*, 825 F.2d 39, 40-41 (4th Cir. 1987)). A stop must be based on specific objective facts, and the drug courier profile alone is not an objective fact which justifies the stop. *Taylor*, 6 Va. App. at 388. Several recent Virginia cases have clearly established that a valid stop must be based on more than the drug courier profile. In *Bosworth*, the defendant was speeding. Similarly, in *Inglesias*, the defendant braked suddenly at a toll booth and made a dangerous lane change, and in *Lowery* the officer determined that the vehicle was a Florida rental vehicle which was not supposed to be removed from Florida. *Bosworth v. Commonwealth*, 7 Va. App. 567 (1989); *Inglesias v. Commonwealth*, 7 Va. App. 93 (1988); *Lowery v. Commonwealth*, --- Va. App. ---, 388 S.E.2d 265 (1990). The Court held that the drug courier profile, coupled with the above observations, could create an "objective manifestation" which would warrant stopping the vehicle.

The characteristics which the officer relied on in this case were insufficient to support a reasonable articulable suspicion that the defendants were in possession of illegal drugs. A Florida rental vehicle heading northbound on Interstate 95 without luggage and traveling at or below the speed limit provides no more than an "inchoate and unparticularized suspicion" or "hunch." *See Reid*, 443 U.S. 438, 442. The above characteristics would allow law enforcement officers to initiate surveillance but more would be required to warrant an investigative stop. *Taylor v. Commonwealth*, 6 Va. App. 384, 388 (1988).

The Commonwealth argues that the officer observed other behavior which, when coupled with the drug courier profile, would allow for the vehicle to be stopped. This Court disagrees. The drug courier profile, coupled with the officer's observation that the driver of the car slowed down when the officer pulled up beside him and that he kept looking in the rear view and passenger mirror is not sufficient to create a particularized suspicion. In *Taylor*, the Court found that a drug courier profile coupled with a defendant's nervous behavior of turning their heads, "cutting their eyes at the officer," and reducing their speed when the officer pulled up beside them did not "provide an objective manifestation that the defendant's were, or were about to be, engaged in criminal activity." *Taylor*, 6 Va. App. at 389. In the case at hand, the officer's additional observations beyond the drug courier profile were not sufficient to create an articulable suspicion that the individuals being stopped were or were going to engage in criminal activity. Therefore, the officer was not justified in stopping the automobile for further investigation and doing so violated the defendant's fourth amendment rights. As a result, the subsequent search of the automobile was illegal, and the evidence seized is inadmissible. Defendant's motion to strike is granted.