**Richmond**

COMMONWEALTH OF VIRGINIA

v.

TIMOTHY E. MILNER

No. 1360-91-2

Decided January 24, 1992

COUNSEL

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellant.

John C. Jones (Hydrick Law Offices, on brief), for appellee.

OPINION

**BARROW, J.**—In this criminal appeal by the Commonwealth, we hold that an investigatory detention by a police officer on a public street for the purpose of holding a suspect for identification does not, without more, place the suspect in custody within the meaning of *Miranda*, even though the suspect is not free to leave and is searched for weapons.

A police officer stopped the defendant shortly after 7:30 a.m. on a public street approximately two blocks from the scene of a burglary. The defendant met the suspect's description which had been communicated to the police officer by another police officer upon arrival at the scene of the crime. After stopping the defendant, the police officer "patted" him down for weapons and recovered a pair of scissors from his front pocket. The defendant was not placed under arrest, but also was not free to leave. The police officer asked the defendant if he had any more weapons or drugs. The defendant said that he did and told the officer that he had a marijuana cigarette in his pocket. The officer then arrested the defendant for possession of the marijuana and while searching him found cocaine in his wallet.

The defendant, charged with possession of cocaine, moved the trial court to suppress the officer's discovery of the cocaine. He argued that his admission that he possessed marijuana was illegally obtained because he was not advised of his "*Miranda* rights"

and that the later arrest, search and seizure of cocaine was a product of that illegally obtained admission. The trial court, finding that the investigative detention of the defendant was proper but that it was improper to have asked if he had any drugs before advising him of his *Miranda* warnings, granted the motion. The Commonwealth appealed this decision prior to trial under the provisions of Code §§ 19.2-398 *et seq.*

A defendant must be informed of his constitutional rights before custodial interrogation begins. *Lanier v. Commonwealth*, 10 Va. App. 541, 554, 394 S.E.2d 495, 503 (1990). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). Even though a *Terry* stop, like a traffic stop, may significantly curtail one's "freedom of action," *Berkemer v. McCarty*, 468 U.S. 420, 436 (1984), such a stop does not require *Miranda* safeguards until "a suspect's freedom of action is curtailed to a 'degree associated with formal arrest.'" *Id.* at 440.

All of the circumstances must be considered to determine if a suspect is in custody when questioned. *Wass v. Commonwealth*, 5 Va. App. 27, 32, 359 S.E.2d 836, 839 (1987). The ultimate test is "whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977)). A temporary detention of a suspect does not necessarily constitute "custody" for purposes of *Miranda. Berkemer*, 468 U.S. at 442. A number of factors must be considered in determining if a suspect is in "custody." *Bosworth v. Commonwealth*, 7 Va. App. 567, 572, 375 S.E.2d 756, 759 (1989); *Wass v. Commonwealth*, 5 Va. App. at 32-33, 359 S.E.2d at 839. A temporary detention of a suspect pending the arrival of another officer for further investigation is not necessarily "custody." *DePriest v. Commonwealth*, 4 Va. App. 577, 587, 359 S.E.2d 540, 545 (1987), *cert. denied*, 488 U.S. 985 (1988).

In this case, the defendant was stopped by a single police officer in the morning on a public street as a suspect in a burglary. He was held pending the arrival of another officer for purposes of identifying him and was searched for weapons. Without more, the

actions of the officer did not subject the defendant to a restraint on freedom of movement "of the degree associated with a formal arrest." The order of the trial court suppressing the evidence is, therefore, reversed and the proceeding is remanded.

*Reversed and remanded.*

Willis, J., and Bray, J., concurred.