# CIRCUIT COURT OF THE CITY OF LYNCHBURG

Commonwealth of Virginia

v.

George Lester Slaughter

July 20, 1993

BY JUDGE J. MICHAEL GAMBLE

The suppression hearing in the above matter was held in the Lynchburg Circuit Court on July 19, 1993. The issue in this suppression hearing was whether statements by the defendant that he had no operator's license and that he knew that he was suspended should be admissible in the trial of the charge of driving after having been declared an habitual offender. Upon reviewing the cases, I am convinced that the statements must be suppressed.

Under the facts of this case, the defendant was driving five miles in excess of the speed limit and made some erratic turns without giving a proper signal. Officer Balmer of the Lynchburg City Police observed this activity. This occurred at approximately 2:30 a.m. in the morning.

The defendant stopped his car and ran from the officer. Officer Balmer radioed for assistance, and Officer Smith eventually apprehended the defendant. At the time Officer Balmer found the defendant, he was laying face down on the pavement, and Officer Smith had his gun out of his holster. Additionally, Officer Balmer took his gun from his holster. Officer Balmer asked the defendant why he ran, and the defendant at that point told him that he had no license and that his operator's license had been suspended. Neither officer had administered any *Miranda* warnings.

In this case, considering the number of officers present, the time of day, the degree of physical restraint, and the focus of the investigation, it is clear that the defendant was in custody for purposes of the *Miranda* warnings. Accordingly, by virtue of the failure to give such warnings, the statements must be suppressed. *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *Wass v. Commonwealth*, 5 Va. App. 27, 33, 359 S.E.2d 836, 839

(1987); and *Bosworth v. Commonwealth*, 7 Va. App. 567, 573, 375 S.E.2d 756, 759 (1989).

Because the police officer clearly had probable cause to stop and arrest the defendant for his erratic driving, the statements as to his name and social security number are admissible. The Fourth Circuit Court of Appeals in *United States v. Rusher*, 966 F.2d 868 (4th Cir. 1992), held that it is proper investigative scope at a routine traffic stop for an officer to request a driver's license, vehicle registration, and run a computer check. Because the name and social security number are on the driver's license, it was certainly appropriate for the officer to ask for these items.