COURT OF APPEALS OF VIRGINIA


Present:  Judges Fitzpatrick, Overton and Senior Judge Hodges
Argued by Teleconference


COMMONWEALTH OF VIRGINIA

v.         Record No. 2790-95-3      MEMORANDUM OPINION[*] BY
                                     JUDGE NELSON T. OVERTON
KENNETH LEE MAYS                          APRIL 30, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Mosby G. Perrow, III, Judge

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellant.

            Elizabeth P. Murtagh, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellee.



     Kenneth Lee Mays (appellee) was indicted for possession of

cocaine in violation of Code § 18.2-250.  Appellee filed a motion

to suppress the cocaine in which he asserted the police officer

stopped his vehicle without a reasonable suspicion of criminal

activity.  The trial court granted the suppression motion, and

the Commonwealth appeals that ruling.

     In Terry v. Ohio, the United States Supreme Court held that

"a police officer may in appropriate circumstances and in an

appropriate manner approach a person for purposes of

investigating possible criminal behavior even though there is no

probable cause to make an arrest."  392 U.S. 1, 22 (1968).  "[I]f

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information." Hayes v. Florida, 470 U.S. 811, 816 (1985). "Justification for stopping an automobile does not depend on the subjective intent of the police," however. Bosworth v. Commonwealth, 7 Va. App. 567, 570, 375 S.E.2d 756, 758 (1989). Compliance with the Fourth Amendment depends instead on "an objective assessment of an officer's actions in light of the facts and circumstances then known to him." Id. (quoting Scott v. United States, 436 U.S. 128, 136 (1978)).

In an appeal by the Commonwealth from an order by the trial court suppressing evidence, we view the evidence in the light most favorable to the prevailing party, granting to it all reasonable inferences fairly deducible therefrom. We will not reverse the trial judge's decision unless it is plainly wrong. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 747, 723 (1992).

The Commonwealth presented no evidence that narcotics were actually present, that the observed behavior was consistent with a narcotics transaction, or that any of the participants were connected in any way with narcotics. The testifying officer gave no objective reason why her observations led her to the conclusion that a sale of narcotics had occurred. Based on the

record, we cannot say that the trial judge was plainly wrong in his ruling, and we accordingly affirm the order of suppression.

<u>Affirmed.</u>