COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bray
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
v.   Record No. 1066-99-2          JUDGE SAM W. COLEMAN III
                                        SEPTEMBER 14, 1999
STANLEY RAY PARHAM


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellant.

Keith N. Hurley (Cawthorn, Picard & Rowe, on
brief), for appellee.


Stanley Ray Parham is charged with possession of cocaine as
the result of officers having found it during a search of Parham's
vehicle.  The trial judge ruled that the traffic stop and
resulting search of Parham's vehicle violated his Fourth Amendment
rights and, accordingly, suppressed the evidence.  Pursuant to
Code § 19.2-398, the Commonwealth appealed.

Upon review, we find the trial judge's ruling erroneous that
the stop was illegal, and we hold that the search did not violate
the Fourth Amendment.  Therefore, we reverse the trial court's
suppression order and remand the case to the circuit court.

_____

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

BACKGROUND

At approximately 10:50 p.m., officers involved in a drug interdiction effort observed Parham's vehicle enter the parking lot of an apartment complex in a high crime area which, according to the officers, is known to be associated with the sale and use of illegal drugs.  In accordance with their operating procedure, when Parham's vehicle remained in the lot only for about two minutes before exiting, Officer Brown followed the vehicle.  After observing that Parham's vehicle was in violation of Code § 46.2-1013 for failure to illuminate the rear license plate, Brown radioed Officers Gordon and Benson who, in two separate vehicles, stopped Parham.  Brown arrived on the scene shortly after the stop.

Brown and Gordon had Parham exit his vehicle and step to the rear of the vehicle in order to observe the equipment violation. As Parham stood five to ten feet behind the vehicle, Benson's drug detection dog alerted to Parham.  Benson returned the dog to his police vehicle without walking him around Parham's vehicle.  After the dog alerted to Parham, the officers simultaneously searched Parham and his vehicle for drugs.  Inside the vehicle, the officers found a crack stem, two small clear bags of cocaine, two rods used to "stuff [the cocaine] down," and an unidentified red device.  The officers found no drugs on Parham.

The trial court suppressed the cocaine seized from Parham's vehicle after ruling that the traffic violation was a "subterfuge" whose contrivance did not supply an articulable justification for stopping the vehicle. In addition, the trial court ruled that even if the traffic stop was legal, the dog's alert to Parham did not supply probable cause to search Parham's vehicle.

ANALYSIS

On review of a suppression ruling, we view the evidence in the light most favorable to the prevailing party and grant to that party all reasonable inferences fairly deducible therefrom. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). However, determinations of probable cause and reasonable suspicion involve mixed questions of fact and law. See McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 691 (1996)). Thus, although we are bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them, see id. at 198, 487 S.E.2d at 261, "we review de novo the trial court's application of defined legal standards to the facts of the case." Giles v. Commonwealth, 28 Va. App. 527, 532, 507 S.E.2d 102, 105 (1998).

We find that, at a minimum, the officers had sufficient reasonable articulable suspicion to stop Parham's vehicle. See Ford v. Commonwealth, 28 Va. App. 249, 255, 503 S.E.2d 803, 805-06

- 3 -

(1998) (discussing the test to evaluate an investigatory stop). Officer Brown testified that from fifty feet behind Parham's vehicle, he could tell that the vehicle's license plate lacked illumination in violation of Code § 46.2-1013. Before stopping Parham, Officer Gordon confirmed Brown's observation of the equipment violation.

Despite an officer's subjective reason for stopping a vehicle, a stop is legal provided there is an objectively reasonable basis for the traffic stop. See Whren v. United States, 517 U.S. 806, 812-13 (1996); Logan v. Commonwealth, 29 Va. App. 353, 359, 512 S.E.2d 160, 162-63 (1999); Bosworth v. Commonwealth, 7 Va. App. 567, 570-71, 375 S.E.2d 756, 758 (1989). Accordingly, regardless of whether the officers had as their primary purpose stopping the vehicle to allow the dog to sniff for drugs, the observed traffic violation supplied the officers legal justification to stop Parham. The officers' ulterior motivation does not negate the fact that probable cause existed to believe that Parham was committing a traffic infraction, which gave the officers legal justification for stopping the vehicle.

Where officers stop a motorist to issue a traffic citation, the procedure, without more, does not authorize a full search of a defendant's vehicle. See Knowles v. Iowa, 119 S. Ct. 484, 487-88 (1998). Here, however, the alert from the drug detection dog, in

- 4 -

view of the totality of circumstances, supplied sufficient probable cause to search Parham's vehicle.[1]

Among recognized exceptions to the requirement that officers obtain a warrant to search is the "automobile exception." Where officers have probable cause to believe that a vehicle contains evidence of a crime, officers may conduct a search of that vehicle without first obtaining a warrant. See California v. Acevedo, 500 U.S. 565, 569 (1991).

The test for probable cause does not require "an actual showing" of criminal activity, but, rather, "only a probability or substantial chance" of such activity. Illinois v. Gates, 462 U.S. 213, 243-44 n.13 (1983).

> In determining whether probable cause to search exists, no hard and fast rule exists which may be rigidly applied to yield a certain result in each case. "Rather, probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed."

---

[1] Use of a drug detection dog that does not intrude upon a zone of privacy does not implicate the Fourth Amendment and, therefore, no degree of suspicion or probable cause is necessary in the first instance to support the use of a drug detection dog around or near an individual or vehicle. See Brown v. Commonwealth, 15 Va. App. 1, 6, 421 S.E.2d 877, 881 (1992) (en banc).

Derr v. Commonwealth, 6 Va. App. 215, 219-20, 368 S.E.2d 916, 918 (1988) (quoting Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981)). Additionally, we have recognized that experienced police officers "may be able to perceive and articulate meaning in given conduct which would be wholly innocent to the untrained observer." Richards v. Commonwealth, 8 Va. App. 612, 616-17, 383 S.E.2d 268, 271 (1989).

Here, after the police stopped Parham on an equipment violation, and immediately after Parham exited his vehicle, a drug detection dog alerted to Parham as he was standing behind the vehicle. Under these circumstances, we find the officers had probable cause to believe that Parham and Parham's vehicle contained drug contraband. See Alvarez v. Commonwealth, 24 Va. App. 768, 773-76, 485 S.E.2d 646, 648-50 (1997) (finding probable cause to search where dog alerted on package in cargo bay of bus). On these facts, had the drug dog alerted and Parham been searched without drugs being found, probable cause would have existed for a magistrate to believe that drugs were in the vehicle and to have issued a warrant to search Parham's vehicle. Based on this same reasoning, the officers had cause to believe that drugs probably were in the vehicle.

Because we find the officers lawfully stopped Parham on an equipment violation, and because we further find that the circumstances created probable cause to believe that Parham's

vehicle probably contained drugs, we reverse the trial court's suppression order and remand the case to the trial court for such further action that the Commonwealth deems necessary.

<u>Reversed and remanded.</u>