COURT OF APPEALS OF VIRGINIA

Present:  Judges Bumgardner, Frank and Humphreys
Argued at Richmond, Virginia


BETTY SHEARIN ALBIS

                                    MEMORANDUM OPINION* BY
v.    Record No. 2509-99-2          JUDGE ROBERT J. HUMPHREYS
                                         OCTOBER 17, 2000
COMMONWEALTH OF VIRGINIA



              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                       Gary A. Hicks, Judge

          J. Kelly Haley for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Betty Shearin Albis appeals her conviction after a bench

trial for possession of marijuana.  Albis claims that the trial

court erred in refusing to suppress evidence found in her boarding

house room, based upon her argument that the police officer's

search of the room violated her Fourth Amendment rights.  We

disagree and for the reasons that follow, affirm her conviction.

     At the trial court level, the only objection that Albis

raised concerned the validity of her consent.  "In order to be

considered on appeal, an objection must be timely made and the

grounds stated with specificity. Rule 5A:18.  To be timely, an

─────────────────
     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

objection must be made when the occasion arises - at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986) (citing Ingram v. Commonwealth, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1986)). The Court of Appeals will not consider an issue that was not in dispute below, nor will we consider an argument not offered before the trial court. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991); Green v. Warwick Plumbing and Heating Corp., 5 Va. App. 409, 412-13, 364 S.E.2d 4, 6 (1988). Accordingly, we do not reach any issues newly raised by Albis in her brief on appeal. See Rule 5A:18.

Before trial, Albis moved to suppress the marijuana found in her boarding house room, claiming that it was obtained in violation of the United States Constitution and Article I, Section 10 of the Virginia Constitution. Specifically, she claimed that she gave Officer Ronson her consent to search her room only after he "threatened" to obtain a search warrant. According to Albis, this made her consent coerced and therefore, vitiated.

During the hearing on the motion, Officer Ronson testified that after Albis and her husband at first refused to give consent for the search of their room, he informed them "[he] was

-

holding [them] for investigation intention [sic],[1] and [he] advised them [he] was getting a Search Warrant." Officer Ronson later testified that he had explained to the Albises that he "was going to apply for a Warrant and that they would stay there with the other officers that accompanied [him] until such time as [he] returned with the Warrant, or obviously if [he] didn't return, then it would be over." Ms. Albis then asked Officer Ronson how much time this process would take and he responded "somewhere total time for everything about three hours." Ms. Albis then gave him her consent to search the room.

When reviewing the trial court's ruling rejecting a defendant's motion to suppress evidence, this Court considers evidence in the light most favorable to the Commonwealth. See Green v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139-40 (1994). In issues of search and seizure "[t]he voluntariness of the consent is a question of fact to be determined by the trial court and must be accepted on appeal unless clearly erroneous." Limonja v. Commonwealth, 8 Va. App. 532, 540, 383 S.E.2d 476, 481 (1989). However, "[t]he burden rests with the Commonwealth to demonstrate the lack of duress." Deer v. Commonwealth, 17 Va. App. 730, 734-35, 441 S.E.2d 33, 36 (1994).

> [I]n Bumper v. North Carolina, 391 U.S. 543
> (1968), the United States Supreme Court held

---

[1] We presume that Officer Ronson was referring to "investigative detention."

-

> that the Fourth Amendment right to be free
> from unreasonable seizures may be waived,
> orally or in writing, by voluntary consent
> to a warrantless search of a person,
> property or premises.  Implicit in the
> waiver of the warrant requirement is the
> waiver of the requirement of probable cause.
> . . . The test of a valid consent search is
> whether it was "freely and voluntarily
> given." . . . The question of whether a
> particular "consent to a search was in fact
> voluntary or was the product of duress or
> coercion, express or implied, is a question
> of fact to be determined from the totality
> of all the circumstances."

Id. (citations omitted).  We have held that "[c]onsent is not

voluntary if given to police falsely claiming to have a warrant

or serving an invalid warrant. [Additionally, a] suspect does

not consent to a search by [simply] acquiescing to a claim of

lawful authority; however, merely informing a suspect that

police can obtain a warrant does not vitiate consent."  Id. at

735, 441 S.E.2d at 36 (emphasis added).

Here, Albis contends that her consent was coerced because

the police officer "threatened" that he would get a warrant to

search her room.  However, this claim is not supported by the

facts proven in the trial court.  Officer Ronson testified that

he stated he was holding Albis for investigative detention, and

advised Albis that he would seek a search warrant.  Officer

Ronson further testified that in conveying this information to

Albis, he had explained that he "was going to apply for a

Warrant and that they would stay there with the other officers

that accompanied [him] until such time as [he] returned with the

-

Warrant, or obviously if [he] didn't return, then it would be over."  (Emphasis added).[2]

As stated above, "merely advising [Albis] that a search warrant <u>could</u> be obtained is not coercion.  Furthermore, any factual disputes about what occurred at the scene and whether [Officer Ronson] coerced the defendant were resolved by the trial court and, since they are not [clearly erroneous], cannot be disturbed on appeal."  <u>Bosworth v. Commonwealth</u>*,* 7 Va. App. 567, 571-72, 375 S.E.2d 756, 758-59 (1989) (citations omitted) (emphasis added).

Finally, as stated in <u>Deer</u>, "implicit in the waiver of the warrant requirement is the waiver of the requirement of probable cause."  <u>Deer</u>, 17 Va. App. at 734-35, 441 S.E.2d at 36.  Since we hold that Albis validly consented to the search, we need not reach any issue as to probable cause.

<u>Affirmed.</u>

---

[2] At trial, Albis raised no objection to the legality of Officer Ronson's intent to detain her and her husband.  Thus, for the reason stated above, we do not address this issue on appeal.