COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Kelsey and Powell
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.      Record No. 2759-09-1              JUDGE ROBERT P. FRANK
                                              MAY 4, 2010
JOHN M. DALEY


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellant.

Melinda R. Glaubke (Larry B. Slipow; Slipow, Robusto & Kellam,
P.C., on brief), for appellee.


The Commonwealth, pursuant to Code § 19.2-398, appeals a pretrial order granting the

motion of John M. Daley, defendant/appellee, to suppress evidence obtained during a traffic stop.

The Commonwealth contends the trial court erred in concluding that the officer had no reasonable

suspicion to effect a traffic stop.  For the reasons stated, we agree and reverse the trial court.

BACKGROUND

On May 2, 2009, Officer D.C. Meeks, of the Virginia Beach Police Department, received a

radio broadcast that the driver of a particular vehicle was intoxicated.  The officer observed a

vehicle matching that description being driven by defendant, but noticed no erratic driving.  As he

followed that vehicle, Officer Meeks observed a crack in the windshield that spanned approximately

two feet "from the driver's side near the steering wheel . . . past the center rear view mirror,"

approximately four inches above the dash.  Officer Meeks indicated at the suppression hearing that

    [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

he would have stopped the vehicle for the cracked windshield even if he had not gotten the radio dispatch. Officer Meeks testified, "I do make traffic stops for vehicles with defective equipment such as cracked windshields, and this was a large crack."

After initiating a traffic stop, Meeks advised defendant he had been stopped because of the cracked windshield. When asked for his operator's license, defendant told Officer Meeks his license was suspended. Ultimately, defendant was arrested for felony driving after having been declared an habitual offender and felony driving while suspended.

Meeks, on cross-examination, admitted that he used the cracked windshield to investigate the intoxicated driver complaint. The parties stipulated that the cracked windshield would pass state inspection.

After the presentation of evidence and argument of counsel, the court granted defendant's motion to suppress, finding that Officer Meeks had no reasonable suspicion to effect a traffic stop based on the cracked windshield. The court concluded:

> [T]he court's ruling is based upon the failure of the officer ever to articulate why the officer believed it was reasonable under the circumstances to stop a vehicle with a cracked windshield. He did it. There's no question he did it. And he said he would do it for any other vehicle in the same condition, but he never told us why. He never told us what he reasonably believed that the condition of such a windshield constituted in terms of a violation of any law of the Commonwealth of Virginia or the City of Virginia Beach. Never told us that. Never purported to tell us that. And as I said, your articulation of a reason, Ms. [prosecutor], is not unreasonable; but it is conjecture or speculation. It may well have been what he had in mind, but to reach that conclusion I have to guess since he didn't tell us. And since there was no other evidence presented from which I reasonably can infer what he had in his mind, it would be a pure guess that that's why he did it.

This appeal follows.

ANALYSIS

The Commonwealth argues the trial court erred in finding the officer did not have reasonable suspicion to stop defendant's vehicle for defective equipment. We agree.

"On appeal from a denial of a suppression motion, we must review the evidence in the light most favorable to the [prevailing party] giving it the benefit of any reasonable inferences." Slayton v. Commonwealth, 41 Va. App. 101, 103, 582 S.E.2d 448, 449 (2003).

> An appellant's claim that evidence was seized in violation of the Fourth Amendment "presents a mixed question of law and fact that we review *de novo* on appeal. In making such a determination, we give deference to the factual findings of the trial court and independently determine whether the manner in which the evidence was obtained [violated] the Fourth Amendment."

Wilson v. Commonwealth, 45 Va. App. 193, 202-03, 609 S.E.2d 612, 616 (2005) (alteration in original) (quoting Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002)). On appeal, "we defer to the trial court's findings of 'historical fact' and give 'due weight to the inferences drawn from those facts by resident judges and local law enforcement officers.'" Barkley v. Commonwealth, 39 Va. App. 682, 690, 576 S.E.2d 234, 238 (2003) (quoting Davis v. Commonwealth, 37 Va. App. 421, 429, 559 S.E.2d 374, 378 (2002)).

In stopping defendant, Officer Meeks effected a seizure for Fourth Amendment purposes. For a lawful stop commonly referred to as a "Terry stop," a police officer must have "reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" Shiflett v. Commonwealth, 47 Va. App. 141, 146, 622 S.E.2d 758, 760 (2005) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)). "'Actual proof that criminal activity is afoot is not necessary.'" Id. (quoting Harmon v. Commonwealth, 15 Va. App. 440, 444, 425 S.E.2d 77, 79 (1992)). A reasonable suspicion justifying an investigatory stop is "something more than an inchoate and unparticularized suspicion or 'hunch' of criminal activity," but "something less than probable cause." Jackson v. Commonwealth, 267 Va. 666, 673, 594 S.E.2d 595, 598 (2004) (quoting

Terry v. Ohio, 392 U.S. 1, 27 (1968)) (some internal quotation marks and other citations omitted). If a police officer is so justified in stopping a suspect, "the officer may detain the suspect to conduct a brief investigation without violating the person's Fourth Amendment protection against unreasonable searches and seizures." McGee v. Commonwealth, 25 Va. App. 193, 202, 487 S.E.2d 259, 263 (1997) (*en banc*). In determining whether such justification for an investigatory stop has been established, "the courts must consider the totality of the circumstances – the whole picture." Shiflett, 47 Va. App. at 146, 622 S.E.2d at 761 (citations and internal quotation marks omitted).

An officer may stop a vehicle when he observes an equipment violation. McCain v. Commonwealth, 275 Va. 546, 553, 659 S.E.2d 512, 516 (2008). Here, Officer Meeks observed defendant driving a vehicle with what he characterized as a "large crack" in the windshield. The crack measured approximately two feet in length, "from the driver's side near the steering wheel . . . past the center rear view mirror . . . ." Meeks further indicated he makes traffic stops for defective equipment such as cracked windshields. Further, Code § 46.2-1003 proscribes the use of a motor vehicle with defective equipment or equipment in an unsafe condition.[1]

Essential to the trial court's granting the motion to suppress was its conclusion that the officer never articulated why he believed the crack was a violation of the law. However, the officer's subjective reasons for the stop are irrelevant. Whether or not he articulated to the trial court that he believed the cracked windshield was a traffic violation is also not required under Terry and its progeny.

We examine the objective reasonableness of the officer's behavior. Terry, 392 U.S. at 21-22. "[A]n officer's subjective characterization of observed conduct is not relevant to a

---

[1] Defendant does not contest that a defective windshield, as opposed to simply a cracked windshield, is a traffic violation.

court's analysis concerning whether there is a reasonable suspicion because the [c]ourt's review of whether there was reasonable suspicion involves application of an objective rather than a subjective standard." Harris v. Commonwealth, 276 Va. 689, 697, 668 S.E.2d 141, 146 (2008).

In determining whether a police officer had a reasonable suspicion to justify the seizure, a reviewing court must consider the totality of the circumstances and view those facts "objectively through the eyes of a reasonable police officer with the knowledge, training and experience of the investigating officer." Murphy v. Commonwealth, 9 Va. App. 139, 144, 384 S.E.2d 125, 128 (1989). This evaluation is based on "'an objective assessment of the officer's actions in light of the facts and circumstances confronting [them] at the time,' and not on the officer's actual state of mind at the time the challenged action was taken." Maryland v. Macon, 472 U.S. 463, 470-71 (1985) (quoting Scott v. United States, 436 U.S. 128, 138 (1978)).

Applying these standards, we conclude that a cracked windshield, approximately two feet long, from the driver's side near the steering wheel past the center rearview mirror, provides an officer with reasonable suspicion to conduct a traffic stop. The fact that the Commonwealth and defendant stipulated at trial that the windshield would pass inspection is not dispositive of this analysis. We do not determine whether defendant is guilty of driving a vehicle with a defective windshield, but only whether reasonable suspicion existed to stop defendant's vehicle for further investigation. Based on the size and location of the crack, the officer had a right, and a duty, to stop the vehicle in order to confirm or dispel his suspicion that the crack may render the windshield defective or unsafe. See Code § 46.2-1003 ("It shall be unlawful for any person to use or have as equipment on a motor vehicle operated on a highway any device or equipment . . . which is defective or in unsafe condition.").

Defendant supports the trial court's decision by contending the officer's belief of criminal activity was premised on a mistaken belief that a broken windshield is a traffic violation. He suggests not all cracks in windshields violate the law.

> Reasonable suspicion "need not rule out the possibility of innocent conduct." [United States v. Arvizu, 534 U.S. 266, 277 (2002)] (citing Illinois v. Wardlow, 528 U.S. 119, 125 (2000)). "Thus, there may be circumstances where wholly lawful conduct might justify the suspicion that criminal activity 'may be' afoot." Richards v. Commonwealth, 8 Va. App. 612, 617, 383 S.E.2d 268, 271 (1989) (citations omitted). As one commentator has explained: "The possibility of an innocent explanation does not deprive the officer of the capacity to entertain a reasonable suspicion of criminal conduct. Indeed the principal function of his investigation is to resolve that very ambiguity and establish whether the activity is in fact legal or illegal – to 'enable the police to quickly determine whether they should allow the suspect to go about his business or hold him to answer charges.'" 4 Wayne R. LaFave, Search and Seizure § 9.5(b), at 482 (4th ed. 2004) (citations and footnote omitted))

Raab v. Commonwealth, 50 Va. App. 577, 581-82, 652 S.E.2d 144, 147 (2007) (*en banc*).

While a crack in a windshield may not be a traffic violation, the officer had a right to stop defendant's vehicle for further investigation.

Defendant argues the trial court's decision was correct because the stop was pretextual. Defendant's contention fails. Based on his observations, Meeks was justified in stopping defendant's vehicle to investigate the crack in the windshield, even if his subjective intent was to investigate the drunk driving complaint. Bosworth v. Commonwealth, 7 Va. App. 567, 570, 375 S.E.2d 756, 758 (1989).

For similar reasons, we reject defendant's argument that Officer Meeks failed in his testimony to identify the precise legal basis for the traffic stop. This argument rests on a common, yet fallacious, assumption that "an articulable suspicion under Terry must be specifically articulated by the officer from the witness stand." Raab, 50 Va. App. at 583 n.2, 652 S.E.2d at 148 n.2. We answered this point in Raab:

Not so. "An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed objectively, justify [the] action.'" Brigham City v. Stuart, 547 U.S. 398, 126 S. Ct. 1943, 1948 (2006) (emphasis in original and citations omitted). "It is important to remember that 'we are not limited to what the stopping officer says or to evidence of his subjective rationale; rather, we look to the record as a whole to determine what facts were known to the officer and then consider whether a reasonable officer in those circumstances would have been suspicious.'" United States v. Brown, 232 F.3d 589, 594 (7th Cir. 2000) (citation omitted). Consequently, the "police officer conducting a stop is not required to 'precisely and individually articulate the facts that added up to suspicion in his mind.'" Id. (citation omitted).

Raab, 50 Va. App. at 583 n.2, 652 S.E.2d at 148 n.2.

We conclude that the trial court erred in granting the motion to suppress. We reverse the judgment and remand for trial on the merits.

Reversed and remanded.