UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Beales and Athey
Argued by teleconference

COMMONWEALTH OF VIRGINIA

v.      Record No. 0975-19-3

RASHEDA RAY

MEMORANDUM OPINION* BY
JUDGE WILLIAM G. PETTY
NOVEMBER 5, 2019

FROM THE CIRCUIT COURT OF GRAYSON COUNTY
H. Lee Harrell, Judge

Eugene Murphy, Senior Assistant Attorney General (Mark A.
Herring, Attorney General, on briefs), for appellant.

Hyatt Browning Shirkey (Hyatt Browning Shirkey Law Firm, on
brief), for appellee.

Pursuant to Code § 19.2-398, the Commonwealth appeals the trial court's order granting

Rasheda Ray's motion to suppress evidence. For the reason stated below, we affirm the decision of

the trial court.

## I. BACKGROUND

When the Commonwealth appeals a trial court's order to suppress evidence, "the evidence

must be viewed in the light most favorable to the [appellee]." Commonwealth v. Peterson, 15

Va. App. 486, 487 (1992). "Viewing the record through this evidentiary prism requires us to

'discard the evidence of the [Commonwealth] in conflict with that of the [appellee], and regard as

true all the credible evidence favorable to the [appellee] and all fair inferences to be drawn

therefrom.'" Bowman v. Commonwealth, 290 Va. 492, 494 (2015) (quoting Kelley v.

Commonwealth, 289 Va. 463, 467-68 (2015)). "After so viewing the evidence," if there is evidence

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

in the record to support the trial court's finding, "the reviewing court is not permitted to substitute its judgment, even if its view of the evidence might differ from the conclusions reached by the finder of fact . . . ." Linnon v. Commonwealth, 287 Va. 92, 98 (2014) (quoting Lawlor v. Commonwealth, 286 Va. 187, 224 (2013)).

A grand jury indicted Rasheda Ray for conspiring to distribute drugs to a prisoner in violation of Code § 18.2-474.1. Ray filed a motion to suppress evidence recovered in her home and statements that she made on the same day, alleging that both were obtained as the result of an illegal search and seizure. The trial court held a hearing on the motion to suppress and granted the motion by order entered the same day. The Commonwealth now appeals that decision.

At the hearing, Detective David Dean with the Petersburg police testified that he went to Ray's home in response to information obtained by the Department of Corrections. When Dean and his partner arrived, Dean approached Ray within a distance of about five feet and addressed her by name. Dean's partner was standing approximately five feet behind him. They were wearing police vests that had "Police" written across the front. Dean's firearm was visible in the holster on his hip. Ray had one or two children with her at the time, and Dean asked if he could speak to her without the children. The children went inside, and Dean and Ray spoke on her front porch.

While on the front porch, Dean said to Ray, "I know about the package that's supposed to go into the jail." As Ray listened to Dean, she was "shaking her head . . . [and] nodding it" cooperatively. Dean testified that he told Ray, "either I could come inside with her to get the package or I can go get a search warrant for her residence."[1] Ray responded to this threat, "No, don't get the warrant, come inside and I'll give it to you." Ray then led Dean into a bedroom in the

---

[1] Officer Dean testified that when he threatened to get a warrant, he had no intention of applying for one. He also testified that if Ray had refused to let him come into the house, "I wouldn't have left anyone there [in order to secure a warrant], I would have just went [sic] about my day." He further testified that he would have left the property if Ray had refused to speak to him.

- 2 -

home, took a shoebox off the top shelf, and handed the box to Dean. After Dean advised Ray of her Miranda rights, Ray talked with Dean. Dean seized the box and brought it to the police department.

Ray moved to suppress the box and the statements she made. Although the trial court found nothing "egregious" in the encounter, the court agreed with Ray that her consent was not freely and voluntarily given. Noting that an officer should not "use [the threat of a warrant he does not intend to get] as a cudgel to get the consent," the court granted Ray's motion to suppress.

## II. ANALYSIS

The Commonwealth argues that the "trial court erred in granting the motion to suppress the evidence by finding that the appellee was coerced into granting consent for the search in light of the detective's testimony that he did not intend to obtain a search warrant."[2]

Appellate courts "are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them" and "give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198 (1997) (*en banc*).

"We examine a trial court's factfinding 'with the highest degree of appellate deference.'" Holloway v. Commonwealth, 57 Va. App. 658, 663 (2011) (quoting Thomas v. Commonwealth, 48 Va. App. 605, 608 (2006)). "This deferential standard 'applies not only to the historical facts themselves, but the inferences from those facts as well.'" Id. at 664 (quoting Clanton v. Commonwealth, 53 Va. App. 561, 566 (2009) (*en banc*)). The burden is on the Commonwealth "to

---

[2] The Commonwealth also argues that the trial court should have considered whether the information that was known to Dean was sufficient to provide probable cause to support a warrant. We decline to consider this argument; the trial court did not address the issue of probable cause because the Commonwealth never requested the court to rule on that issue. See Scialdone v. Commonwealth, 279 Va. 422, 437 (2010) ("If [the] opportunity [to address an issue] is not presented to the trial court, there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal." (alterations in original) (quoting Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526 (2006))); Rule 5A:18.

show that when viewing the evidence in such a manner, the trial court committed reversible error." Hairston v. Commonwealth, 67 Va. App. 552, 560 (2017). Furthermore, "[i]n a bench trial, a trial judge's 'major role is the determination of fact, and with experience in fulfilling that role comes expertise.'" Holloway, 57 Va. App. at 664 (quoting Haskins v. Commonwealth, 44 Va. App. 1, 11 (2004)). Accordingly, "[i]f reasonable jurists could disagree about the probative force of the facts, we have no authority to substitute our views for those of the trial judge." Id. (quoting Campbell v. Commonwealth, 39 Va. App. 180, 186 (2002)).

"Warrantless searches and seizures in a person's home are presumptively unreasonable." Glenn v. Commonwealth, 275 Va. 123, 130 (2008). "However, courts recognize exceptions to this general rule in several circumstances, including when a party voluntarily consents to the search." Id. "The test of a valid consent search is whether it was 'freely and voluntarily given.'" Deer v. Commonwealth, 17 Va. App. 730, 734 (1994) (quoting Bumper v. North Carolina, 391 U.S. 543, 548 (1968)).

The Commonwealth has the burden to "prove, given the totality of the circumstances, that the consent was freely and voluntarily given." McNair v. Commonwealth, 31 Va. App. 76, 82 (1999). "[W]here police use coercion under the color of lawful authority, the consent will most likely be invalid. . . . A suspect does not consent to a search by acquiescing to a claim of lawful authority[.]" Deer, 17 Va. App. at 735. For example, "'when . . . "consent" has been given only after the official conducting the search has asserted that he possesses a warrant' and he in fact does not have one, there can be no consent under such circumstances." Crosby v. Commonwealth, 6 Va. App. 193, 198 (1988) (quoting Bumper, 391 U.S. at 550). Finally, "[t]he presence of consent is . . . a factual question." Hargraves v. Commonwealth, 37 Va. App. 299, 307 (2002).

Here, Dean's warrantless search of Ray's home was "presumptively unreasonable," see Glenn, 275 Va. at 130, unless Ray "freely and voluntarily consent[ed] to the search," id. After

- 4 -

hearing the testimony and considering the circumstances, the trial court found that Dean used the threat of a warrant as a "cudgel to gain the consent" to enter Ray's home and obtain the package. In fact, the trial court expressly found that Dean "used the color of lawful authority" to bluff Ray into allowing him inside the residence to get the package. Dean and another officer confronted Ray in the driveway of her home while wearing police vests. With his firearm visibly displayed and standing only five feet away, Dean addressed Ray by name and asked to speak to her without the children present. Then, on the porch to Ray's home, Dean asserted that he knew "about the package that's supposed to go into the jail." He gave Ray two options—either they could walk in together to get the package or he could get a search warrant. His bluff worked; Ray responded to the threat with "No, don't get the warrant," and allowed Dean inside the home.

The trial court's conclusion that the Commonwealth had failed in its burden of proving that Ray freely and voluntarily consented to the search was a factual finding and entitled to deference on appeal unless plainly wrong or without evidence to support it. We conclude that neither is the case; accordingly, "[w]e are not empowered to reverse that decision." Richards v. Commonwealth, 8 Va. App. 612, 616 (1989). Even if this Court were to disagree with the trial court's conclusion, we would still be unable to reverse it because it is within the "bell-shaped curve of reasonability governing our appellate review." Du v. Commonwealth, 292 Va. 555, 564 (2016) (quoting Sauder v. Ferguson, 289 Va. 449, 459 (2015)) (addressing the abuse of discretion standard of review). Given the totality of the circumstances surrounding this encounter, we cannot say that the trial court was plainly wrong in finding that the Commonwealth failed to meet its burden "to prove that [Ray's] consent [wa]s voluntarily given." Richards, 8 Va. App. at 615; see Bosworth v. Commonwealth, 7 Va. App. 567, 571-72 (1989) ("Furthermore, any factual disputes about what occurred at the scene and whether the troopers coerced the defendant were resolved by the trial court and, since they are not plainly wrong, cannot be disturbed on appeal.").

## III.  CONCLUSION

For the foregoing reason, we affirm the trial court's granting of Ray's motion to suppress evidence and remand for further proceedings consistent with this opinion.

<u>Affirmed and remanded.</u>