Richmond

ALBERT PEETE HARRIS

v.

COMMONWEALTH OF VIRGINIA

No. 1582-87-2

Decided January 30, 1990

356

COUNSEL

C. David Whaley (Elizabeth H. Dashiell; Morchower, Luxton & Whaley on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This appeal is from a conviction of possession of cocaine with intent to distribute. The defendant contends that the police did not have authority to detain him because he was merely a passenger in the automobile which the police officer stopped and, further, that the police officer had no authority to remove a film canister he felt in the defendant's pocket during his search for weapons. We disagree and conclude that the police officer was justified in detaining the defendant and in conducting the search which led to the discovery of the cocaine.

The officer arrested the defendant following the police officer's stop of an automobile in which the defendant was a passenger. The officer stopped the vehicle ostensibly because a brake light was not working; however, the officer had previously been advised by investigators from the organized crime intelligence section that the driver of the vehicle was a fugitive from justice who would be driving that particular car on Staples Mill Road on that date and would be carrying narcotics and possibly weapons. The record does not reflect how this information was originally obtained by the investigators.

Just as the officer started to make the traffic stop, he observed "a lot of movement" in the defendant's automobile. He could not see exactly what was being moved, but there were two males in the vehicle. The officer conferred by radio with another police officer in another vehicle, who was also on the scene concerning the

movements and each "reassured each other to be careful."

After the driver of the car was arrested, the police officer asked the defendant to get out of the vehicle. The defendant responded, "What for?" The officer explained that the driver had been arrested, the vehicle was going to be inventoried and that he needed the defendant to get out of the vehicle. The defendant still did not get out of the vehicle. After the police officer then told the defendant to either get out of the vehicle or he would have to remove him from it, the defendant left the vehicle.

When the defendant got out, the police officer conducted a "pat-down" of his person to determine if he had any weapons. During this search, he felt a bulge in defendant's pocket which he knew was not a weapon. Instead, the police officer thought that the defendant was carrying drugs. He removed a film canister from the defendant's pocket, opened it, and discovered that it contained a white powder which was later determined to be cocaine.

█ The defendant must show that the trial court's ruling was reversible error. *Fore v. Commonwealth*, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, *cert. denied*, 449 U.S. 1017 (1980); *DePriest v. Commonwealth*, 4 Va. App. 577, 583, 359 S.E.2d 540, 543 (1987). The defendant must accomplish this with the evidence considered most favorably to the Commonwealth. *Id.*

█ Viewing the evidence in this light, we conclude that the police officer justifiably stopped the automobile in which the defendant was riding. The car's rear brake light was not working, a violation of state law. Code § 46.1-262.[1] Based on this observation, the officer was justified in stopping the vehicle, Code § 46.1-178.01,[2] even if his subjective intent was to stop the vehicle to investigate for the illegal possession of drugs. *See Bosworth v. Commonwealth*, 7 Va. App. 567, 570, 375 S.E.2d 756, 758 (1989). Furthermore, he had received information indicating that the driver of the vehicle was a fugitive from justice who was carrying narcotics and would be driving that automobile on that road on that date. His personal observations corroborated the date, the place, and the vehicle. Therefore, he had reason to stop the vehicle to investigate further. *See Adams v. Williams*, 407 U.S. 143, 147

[1] Now Code § 46.2-1014.1.
[2] Now Code § 46.2-937.

(1972).

██ After stopping the vehicle, the officer was justified in searching the passenger to the extent necessary to assure that he was not armed. Where a police officer can identify specific facts which reasonably give rise to the inference that a person is armed and dangerous, the officer is justified in searching for weapons. *Williams v. Commonwealth*, 4 Va. App. 53, 67, 354 S.E.2d 79, 86 (1987). A reasonable suspicion of possession and distribution of narcotics is indicative of dangerousness authorizing a search for weapons. *Id.* at 67, 354 S.E.2d at 86. Having received information that the driver of the vehicle was in possession of narcotics and armed with a weapon, having observed significant movement between the two men in the automobile before it was stopped, and having encountered the defendant's initial refusal to leave the automobile, we hold that the officer was justified in searching the defendant for weapons.

Finally, the officer was also justified in removing the film canister from the defendant's pocket. When the officer felt the film canister during his search for a weapon, he realized it was not a weapon but, instead, thought that it was drugs. During his experience as a police officer he had, on numerous occasions, seen film canisters used to transport controlled substances. Furthermore, he had been told that the driver of the vehicle was in possession of narcotics, and he had seen movement in the vehicle which gave an opportunity for the occupants to exchange possession of the contraband. The officer's experience coupled with the facts and circumstances within his knowledge were sufficient to warrant a person of reasonable caution to believe that an offense had been or was being committed. *Taylor v. Commonwealth*, 222 Va. 816, 820-21, 284 S.E.2d 833, 836 (1981). Therefore, we conclude that the officer was justified in seizing the film canister to determine if it contained a controlled substance.

For these reasons, we conclude that the detention and search of the defendant did not violate the Fourth Amendment of the United States Constitution, and we affirm his conviction.

*Affirmed.*

Coleman, J., and Keenan, J., concurred.