## Richmond

CLAUDE CLARENCE MOORE, s/k/a

CLAUDE C. MOORE, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0676-89-2

Decided April 30, 1991

COUNSEL

Russell C. Williams, Assistant Public Defender (Office of the Public Defender, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General; Virginia B. Theisen, Assistant Attorney General, on brief), for appellee.

OPINION

KOONTZ, C.J.—After his motion to suppress evidence was denied, Claude C. Moore, appellant, in a bench trial on February 27, 1989, was convicted of possession of heroin. Moore was subsequently sentenced to ten years in the penitentiary with three years suspended. On appeal, Moore contends the officer's subjective perception of Moore's nervousness, without additional articulable facts reasonably suggesting Moore was armed and dangerous, did not justify the pat-down search, and, therefore, the trial court erred by denying his motion to suppress evidence. We agree and reverse.

On October 24, 1988, at approximately 12:20 p.m., a Richmond police officer stopped Moore for speeding after pacing him at forty-five miles per hour in a twenty-five miles per hour speed zone. When the officer approached Moore's car, the officer noticed Moore "seemed very nervous." When the officer asked Moore for his license, he noticed that Moore's hands were shaking. Further, Moore stuttered and stammered when he spoke to the officer. The officer instructed Moore to remain in the car while the officer reached inside the car and turned off the engine. The officer then patted down Moore while Moore was still inside the car. The officer felt a hard object in Moore's pants pocket and asked Moore to remove it. Moore cooperated and removed an envelope containing a white substance that was later determined to be heroin. At that point, the officer took Moore from the car and placed him under arrest. During the entire stop and search, Moore was cooperative and never tried to resist or assault the officer.

The officer testified at trial that he searched Moore because Moore's behavior made him fear for his own safety. Though the officer was aware that other officers had Moore under surveillance,

he had no idea of what they suspected Moore of and the officer was not personally advised to watch Moore. The officer also testified that it is not unusual for people to be nervous when they are stopped by police.

Moore concedes on brief that the initial traffic stop was lawful. Therefore, the only issue we must address is whether the pat-down search was warranted under the circumstances.

"Once a police officer has properly detained a suspect for questioning he may conduct a limited pat-down search for weapons if he reasonably believes that the suspect might be armed and dangerous." *Williams v. Commonwealth*, 4 Va. App. 53, 66, 354 S.E.2d 79, 86 (1987); *accord Adams v. Williams*, 407 U.S. 143, 146 (1972); *Lansdown v. Commonwealth*, 226 Va. 204, 211, 308 S.E.2d 106, 112 (1983), *cert. denied*, 465 U.S. 1104 (1984); Code § 19.2-83. Hence, an officer may lawfully pat down a suspect only when the officer can "point to particular facts from which he reasonably inferred that the individual was armed and dangerous." *Sibron v. New York*, 392 U.S. 40, 64 (1968); *accord Harris v. Commonwealth*, 9 Va. App. 355, 358, 388 S.E.2d 280, 282 (1990), *rev'd on other grounds*, 241 Va. 146, 400 S.E.2d 191 (1991); *Williams*, 4 Va. App. at 67, 354 S.E.2d at 86. Consequently, we must determine whether there was an objective basis supported by the facts for the officer to reasonably infer Moore was armed or dangerous. *See Iglesias v. Commonwealth*, 7 Va. App. 93, 101, 372 S.E.2d 170, 174 (1988) (en banc); *Goodwin v. Commonwealth*, 11 Va. App. 363, 398 S.E.2d 690 (1990).

In the present case, the sole fact upon which the officer based his justification for the pat-down search was that Moore appeared "very nervous." This nervousness was reflected by Moore's hands shaking and the stuttering and stammering of his words when he spoke to the officer. Other than this appearance of nervousness, the facts reflect a routine stop by the police for a speeding violation. The stop took place in the early afternoon and Moore was alone in his car. Moore made no attempt to evade the police. He made no unusual gestures to suggest that he might have a weapon on his person or within the car. Though the officer was aware Moore was under surveillance, the officer conceded he did not know why Moore was being watched and he did not know of any other reason to believe Moore might have been armed or dangerous. Finally, the officer admitted that it is common for a person to be nervous when stopped by the police. In short, the officer based

the pat down on his subjective evaluation of the severity of Moore's nervousness. Based on this record, we hold that the officer lacked sufficient justification to conduct the pat-down search. Since the pat down was unlawful, we hold the trial court erred by denying Moore's motion to suppress evidence.

For the foregoing reasons, we reverse the decision below.

*Reversed.*

Benton, J., and Cole, J., concurred.