## CIRCUIT COURT OF ALBEMARLE COUNTY

Commonwealth of Virginia

v.

Diane Turner

November 23, 1992

BY JUDGE PAUL M. PEATROSS, JR.

The matter before the Court in this case is a Motion to Suppress Evidence seized from defendant's purse. For the reasons stated below, the Court grants defendant's Motion.

On May 14, 1992, at approximately 1:00 a.m., Officer Jolie of the Albemarle County Police Department stopped a vehicle for defective equipment. The vehicle was driven by Deborah Wells, and the passenger seat was occupied by the defendant, Diane Turner. Prior to the stop, the officer called in the license plate number and the location of the stop to the dispatcher. He approached the vehicle and was in the process of obtaining information such as the operator's license, registration and identity of the driver when he received a call back from the dispatcher informing him that the vehicle had been stolen. Officer Jolie then asked the passenger to exit the vehicle and placed her in the rear seat of his police cruiser. The driver also exited the vehicle and Officer Jolie removed two purses and placed them on the hood of the car in plain view. He determined through questioning which purse belonged to which passenger.

Some minutes later, a second officer arrived. In furtherance of the investigation and after questioning, Officer Jolie placed the driver of the vehicle in the rear of his cruiser and brought the defendant to the front of the car. The defendant asked the officer if she could smoke a cigarette. She reached for her belly pouch type purse on the hood of the car. Officer Jolie then intervened and told her that he needed to check the purse for weapons and took it from her. He unzipped one of the compartments and found two corncob pipes that appeared to be of a type used to smoke crack cocaine. Officer Jolie confiscated

the pipes as evidence and released the defendant. An arrest was made at some later date.

There was no evidence that permission was obtained to search the purse. At no time did the defendant make a statement regarding the officer's search. There was no evidence that defendant was wanted on any warrant at the time of the incident, and Officer Jolie testified that he had not begun to question Ms. Turner when the search occurred. The validity of the stop is not questioned by the defendant.

The issue before the Court is whether the search of the purse was made in violation of the defendant's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

The Virginia Court of Appeals in *Bethea v. Commonwealth*, 14 Va. App. 474 (1992), addressed the question of whether a police officer could require a passenger to exit a vehicle during the course of a traffic stop.

> By requiring a passenger to exit a vehicle, a police officer who, in a traffic stop, is involved with unknown individuals, is able to establish "a face-to-face confrontation [which] diminishes the possibility, otherwise substantial, that [the occupants of the vehicle] can make unobserved movements [which], in turn, reduces the likelihood that the officer will be the victim of assault." *Pennsylvania v. Mimms*, 434 U.S. 106, 110 (1977). [T]he intrusion on a passenger's personal liberty is *de minimis*.

*Bethea*, 14 Va. App. at 478.

Officer Jolie was clearly reasonable in removing the defendant to the back seat of his cruiser. The officer had made a valid traffic stop for an equipment violation. It was late in the evening, and Officer Jolie was alone. The vehicle contained two occupants, and Officer Jolie had just learned that the car was reported stolen. At this point, the officer was justified in his concern for his safety, and placing the defendant in the rear of his cruiser was an appropriate measure to secure the car's occupants for the pendency of his investigation.

Some minutes later, however, Officer Jolie retrieved the defendant from the back seat of his cruiser. While accompanying the officer to the front of the car for identification and questioning regarding the stolen automobile, the defendant requested permission to smoke a cigarette. She reached for her purse on the car's hood which Officer Jolie immediately seized. The officer told the defendant that he was

going to check the bag and did search out the purse. He found the evidence which is the subject of this motion.

The case closest on point to justify the seizure and arrest of the purse by the officer is the Court of Appeals' decision in *Harris v. Commonwealth*, 9 Va. App. 355 (1990). The Court of Appeals there upheld the validity of a police officer's pat-down search of a passenger which resulted in the seizure of a film canister of cocaine. *Id.*, 9 Va. App. at 358. "Where a police officer can identify specific facts which reasonably give rise to the inference that a person is armed and dangerous, the officer is justified in searching for weapons." *Id.*, citing *Williams v. Commonwealth*, 4 Va. App. 53, 67 (1987). Officer Jolie did not identify specific facts in this case which would give rise to the inference that the defendant was armed and dangerous. Indeed, . the factors which the Court listed above as justification for the removal of the defendant from the stopped vehicle were largely dissipated as of the time of the search. Officer Jolie testified that a second officer had arrived at the scene. The two women suspects had been separated and secured. The purse which Officer Jolie searched was not in the control or possession of the defendant.

The Court need not hazard an opinion as to whether a pat-down search of the defendant's outer clothing would have been reasonable, but clearly the officer's search of the defendant's purse cannot be justified on grounds of Officer Jolie's concern for his safety. The officer had two options to the chosen course of action when he took possession of defendant's purse after she reached for it to retrieve a cigarette. First, he could have simply refused her request. Such refusal would have been a *de minimis* inconvenience to the defendant at worst but clearly would not have been a violation of her Constitutional rights. In the alternative, he could have informed the defendant that she could go into her purse, but only after he had searched it for weapons. If the defendant had agreed, then the search would have been reasonable. If the defendant had not agreed, then the officer could not have made the search *based solely on his concern for his personal safety*, without more. The Court, therefore, finds that Officer Jolie's search of the defendant's purse violated the Fourth and Fourteenth Amendments of the United States Constitution and excludes from evidence the two pipes gleaned as a result.