## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

 v.

Nathan Forest

July 23, 2003

Case No. (Criminal) CR03001803

BY JUDGE EVERETT A. MARTIN, JR.

I find from the evidence at the suppression hearing of July 16, 2003, that Officer E. G. Depena of the Norfolk Police Department was on routine patrol on March 5, 2003, when he saw Mr. Forest leaving the front of the house at 2903 Lens Avenue. Before beginning his duties that day, Officer Depena had reviewed a list of outstanding warrants on suspects who lived in his patrol area, and he noted that one such warrant was for a Robert Moles, a white male, who resided at 2903 Lens Avenue. Office Depena testified that he thought Mr. Moles was between 40 and 50 years of age, but that he did not recall his exact age or his height or weight from the warrant. The officer testified that the vicinity around Mr. Moles' house is one in which there is heavy drug use.

Mr. Forest got into his automobile, which was parked directly in front of the property. Officer Depena stopped his car in front of the defendant's automobile, and, although there is a dispute in the testimony about whether the officer blocked the defendant's car from moving, I find that is a conflict I need not resolve.

Officer Depena approached the defendant's car, and he observed that the defendant appeared to be very nervous and was stuttering. He asked the defendant to produce some identification, and the defendant handed his driver's license to the officer. As the defendant handed over his license, Officer Depena asked him "Do you mind if I search you?" The defendant

inquired if the officer wanted to search his person or his automobile. Officer Depena reiterated that he wanted to search the defendant's person and then immediately said, "Okay hand it over." Mr. Forest then removed a package containing cocaine from his pants pocket, and he turned it over to Officer Depena.

Officer Depena stated candidly that Mr. Forest was not free to leave until he had established his identity. Officer Depena never touched the defendant until after the narcotics had been produced.

Encounters between police officers and citizens fall into three categories.

> First, there are communications between police officers and citizens that are consensual and, therefore, do not implicate the Fourth Amendment. Second, there are brief investigatory stops which must be based on specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant a limited intrusion. Third, there are highly intrusive full-scale arrests, which must be based on probable cause.

*Iglesias* v. *Commonwealth*, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988).

I find that Officer Depena's initial approach to the defendant and his demand that the defendant produce some identification was a seizure, but that it was based on specific facts that made it reasonable. The defendant, a white male, was seen leaving the known address of a white male suspect on whom there was an outstanding warrant. Mr. Forest may be several years younger than Mr. Moles, but it is common knowledge that many people are youthful in appearance for their age.

After Mr. Forest produced his driver's license and Officer Depena had the opportunity to determine that he was not Mr. Moles, the officer had no basis to continue to detain him. However, almost simultaneously with the defendant's production of his driver's license, Officer Depena instructed him to "hand it over." From the evidence, it is not clear if the officer even looked at the driver's license before he made his demand.

A person's nervousness when stopped by the police, without more, is not sufficient to provide a reasonable suspicion that the person is engaged in criminal activity. *Thompson* v. *Commonwealth*, 16 Va. App. 478, 431 S.E.2d 72 (1993); *Moore* v. *Commonwealth*, 12 Va. App. 404, 404 S.E.2d 77 (1991). As it turns out, the defendant does stutter. The only other relevant

circumstance present in this case is the nature of the area in which the defendant was stopped. *Williams* v. *Commonwealth*, 4 Va. App. 53, 354 S.E.2d 79 (1987). However, here the defendant was alone; he promptly cooperated with the officer's request that he produce identification; the officer observed no bulges in the defendant's clothing or suspicious conduct.

I need not decide if Officer Depena's demand to "turn it over" was the equivalent of a pat down or a search because at the time of the demand he had neither reasonable suspicion to detain nor probable cause to arrest Mr. Forest. As the defendant was not free to leave, the surrender of the drugs at the officer's instruction cannot be considered the equivalent of a consensual search.

The motion to suppress is granted.