COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Felton
Argued at Chesapeake, Virginia


MARCUS LEMONT BAILEY, S/K/A
 MARCUS LAMONT BAILEY
                                                    MEMORANDUM OPINION* BY
v.         Record No. 2767-02-1                     JUDGE LARRY G. ELDER
                                                    NOVEMBER 25, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG AND
COUNTY OF JAMES CITY
Samuel Taylor Powell, III, Judge

        J. Stephen Roberts, Sr., for appellant.

        Donald E. Jeffrey, III, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Marcus Lemont Bailey (appellant) appeals from his convictions for possession of a

concealed weapon, possession of marijuana, possession of cocaine, and possession of a firearm

while in possession of cocaine.  On appeal, he contends the trial court erroneously concluded that

(1) the search of his person did not violate the Fourth Amendment; (2) he was not under

custodial arrest and, therefore, was not entitled to be informed of his Fifth Amendment rights

before being questioned; and (3) the evidence was sufficient to prove he possessed the firearm

taken from him at the scene of the traffic stop while he simultaneously possessed the cocaine

later taken from him at the police station.  We hold the trial court's denial of appellant's motion

to suppress on Fourth and Fifth Amendment grounds was not error and that the evidence was

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sufficient to prove appellant simultaneously possessed both cocaine and a firearm. Therefore, we affirm the challenged convictions.

I.

MOTION TO SUPPRESS

At a hearing on a defendant's motion to suppress, the Commonwealth has the burden of proving that a warrantless search or seizure did not violate the defendant's Fourth Amendment rights. Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989). "In determining whether the Commonwealth has met its burden, the trial court, acting as fact finder, must evaluate the credibility of the witnesses . . . and resolve the conflicts in their testimony . . . ." Witt v. Commonwealth, 215 Va. 670, 674, 212 S.E.2d 293, 297 (1975).

On appeal, we consider the evidence adduced at both the suppression hearing and the trial, DePriest v. Commonwealth, 4 Va. App. 577, 583, 359 S.E.2d 540, 542-43 (1987), and we view the evidence in the light most favorable to the party prevailing below, here the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom, Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*). However, we review *de novo* the trial court's application of defined legal standards, such as whether the police had reasonable suspicion or probable cause for a search or seizure or whether a suspect was "in custody" for purposes of Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), to the particular facts of the case. Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911

(1996); see Thompson v. Keohane, 516 U.S. 99, 102, 116 S. Ct. 457, 460, 133 L. Ed. 2d 383 (1995) (discussing standard for "in custody" determination).

A.

REASONABLENESS OF SEARCH

An officer may effect a traffic stop when, *inter alia*, he has probable cause to believe a traffic violation has occurred. Dickerson v. Commonwealth, 35 Va. App. 172, 177, 543 S.E.2d 623, 626 (2001). During the course of the stop, he make take certain steps to protect himself, such as asking the driver to exit the vehicle for safety reasons. Pennsylvania v. Mimms, 434 U.S. 106, 111 n.6, 98 S. Ct. 330, 333 n.6, 54 L. Ed. 2d 331 (1977). He may not search the driver pursuant to issuance of a traffic citation and may frisk the driver for weapons only if he develops reasonable suspicion to believe the driver is armed and dangerous. Knowles v. Iowa, 525 U.S. 113, 117-18, 119 S. Ct. 484, 488, 142 L. Ed. 2d 492 (1998). Once the purpose of the stop has been completed, the stop may not be extended absent consent or additional information amounting to reasonable suspicion or probable cause. Dickerson, 35 Va. App. at 178, 543 S.E.2d at 626.

Here, Officer McFarland effected a valid traffic stop for speeding, as appellant concedes. Further, the evidence, viewed in the light most favorable to the Commonwealth, supports the trial court's finding that, during the course of that valid stop, Officer McFarland twice smelled the odor of unburned marijuana emanating from appellant's vehicle, in which appellant was the sole occupant. Officer McFarland testified that he was familiar with that smell based on his training and experience. We hold Officer McFarland's testimony was not inherently incredible. The trial court expressly stated that it "[took] into consideration the officer's experience and his training. In this particular case he has unique qualifications and he's been to drug investigation school and he has smelled marijuana in the past, unburned marijuana."

This evidence provided Officer McFarland with (1) reasonable suspicion to detain appellant further to investigate whether he had marijuana, a controlled substance, in his possession and (2) probable cause to search appellant's vehicle for marijuana, see United States v. Parker, 72 F.3d 1444, 1450 (10th Cir. 1995); United States v. Haley, 669 F.2d 201, 203 (4th Cir. 1982).[1] In the course of that valid ongoing detention, Officer McFarland was entitled to question appellant further about whether he possessed contraband. In response to that questioning, appellant said he had a gun and pointed to his right hip. Based on appellant's admission, Officer McFarland was justified, as he did, in seizing the gun and detaining appellant further to determine whether he had a concealed weapons permit. Officer McFarland handcuffed appellant but told him he was not under arrest at that time, actions that were reasonable to protect the officers' safety. Jackson v. Commonwealth, 41 Va. App. 211, 238, 583 S.E.2d 780, 794 (2003) (*en banc*). After calling dispatch and determining that appellant, in fact, did not have a concealed weapons permit, McFarland had probable cause for arrest. Thus, the evidence, viewed in the light most favorable to the Commonwealth, supports the trial court's determination that the seizure and search of appellant were reasonable under the Fourth Amendment.

---

[1] We assume without deciding, contrary to the trial court's holding, that Officer McFarland lacked reasonable articulable suspicion to believe appellant might be armed and dangerous. The offense Officer McFarland was investigating involved drug possession, not drug distribution, cf. Harris v. Commonwealth, 9 Va. App. 355, 358, 388 S.E.2d 280, 282 (1990) ("A reasonable suspicion of possession *and distribution* of narcotics is indicative of dangerousness authorizing a search for weapons." (emphasis added)), and Officer McFarland articulated no other basis for believing appellant might be armed and dangerous, see Harrell v. Commonwealth, 30 Va. App. 398, 404-06, 517 S.E.2d 256, 258-60 (1999) (invalidating weapons frisk where officer was concerned for his safety but articulated no basis for that concern and had back-up officer to keep watch on driver and passenger while he entered car to examine inspection sticker).

B.

CUSTODIAL ARREST AND ENTITLEMENT TO <u>MIRANDA</u> RIGHTS

<u>Miranda</u> holds that "statements stemming from custodial interrogation are inadmissible unless certain procedural safeguards effective to secure the privilege against self-incrimination are provided. Custodial interrogation is 'questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.'" <u>Wass v. Commonwealth</u>, 5 Va. App. 27, 29-30, 359 S.E.2d 836, 837 (1987) (quoting <u>Miranda</u>, 384 U.S. at 444, 86 S. Ct. at 1612). "[T]he question is not whether a reasonable person would believe he was not free to leave, but rather whether a person would believe he was in police custody of the degree associated with formal arrest." 2 Wayne R. LaFave, Jerold H. Israel & Nancy J. King, <u>Criminal Procedure</u> § 6.6(c), at 526 (2d ed. 1999).

In determining whether a suspect is in custody when questioned, "[t]he totality of circumstances must be considered." <u>Wass</u>, 5 Va. App. at 32, 359 S.E.2d at 839. Appropriate factors for consideration include the nature of the surroundings in which the questioning takes place, "the number of police officers present, the degree of physical restraint, and the duration and character of the interrogation." <u>Id.</u> at 32-33, 359 S.E.2d at 839. "An officer's knowledge or beliefs may bear upon the custody issue if they are conveyed, by word or deed, to the individual being questioned." <u>Stansbury v. California</u>, 511 U.S. 318, 325, 114 S. Ct. 1526, 1530, 128 L. Ed. 2d 293 (1994).

> A routine, roadside traffic stop and the usual questioning associated with such a brief stop generally will not be considered "custodial interrogation" because the detention is usually of very short duration and the attendant circumstances "are not such that the motorist feels completely at the mercy of police." Such stops are usually in public and only one or perhaps two officers are usually present. Consequently, <u>Miranda</u> warnings are not required prior to the type [of] questioning usually associated with such stops.

Cherry v. Commonwealth, 14 Va. App. 135, 138-39, 415 S.E.2d 242, 243-44 (1992) (quoting

Berkemer v. McCarty, 468 U.S. 420, 437-38, 104 S. Ct. 3138, 3148-49, 82 L. Ed. 2d 317 (1984))

(citation omitted).  Although a stop based on reasonable suspicion to conduct a narcotics

investigation may not be a "routine" traffic stop, it nevertheless does not become a custodial

interrogation simply because the subject is narcotics.  Id.

Here, Officer McFarland's inquiry as to whether defendant had anything on him that

McFarland needed to know about did not convert the brief encounter into a formal arrest or

indicate to defendant that his freedom of movement was being curtailed to the degree associated

with a formal arrest.  Only Officers McFarland and Dillard were present at the scene.  Although

McFarland asked appellant to exit his vehicle and may have told appellant he planned to search

the vehicle, the encounter had been brief, and neither McFarland nor Dillard said or did anything

else tending to indicate to a reasonable person in appellant's position that "he was in police

custody of the degree associated with formal arrest."  2 LaFave, *supra*, at § 6.6(c), at 526.  Thus,

we hold the trial court did not err in denying appellant's motion to suppress on Fifth Amendment

grounds.

II.

SUFFICIENCY OF EVIDENCE TO PROVE SIMULTANEOUS
POSSESSION OF COCAINE AND FIREARM

Appellant's conviction for violating Code § 18.2-308.4 required proof that appellant

possessed cocaine and "simultaneously with knowledge and intent possess[ed] any firearm."

Appellant contends the evidence was insufficient to prove he possessed the firearm taken from

his person at the scene of the stop simultaneously with the cocaine found in his pocket when he

was searched at the jail over an hour later.  We disagree.

On appeal, we view the evidence in the light most favorable to the Commonwealth and

accord the evidence all reasonable inferences fairly deducible therefrom.  Higginbotham v.

- 6 -

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Any element of a crime may be proved by circumstantial evidence. See, e.g., Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Such evidence "is as competent and is entitled to as much weight as direct evidence," provided the evidence as a whole "is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether a hypothesis of innocence is reasonable is a question of fact, Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and, therefore, is binding on appeal unless plainly wrong, Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). See Commonwealth v. Hudson, 265 Va. 505, 512-17, 578 S.E.2d 781, 785-88 (2003).

Here, the only reasonable hypothesis flowing from the evidence in the record, viewed in the light most favorable to the Commonwealth, was that appellant simultaneously possessed the cocaine and firearm. After Officer McFarland took the firearm from appellant's person, he handcuffed appellant's hands behind his back. Appellant then remained handcuffed and in Officer McFarland's custody until Corporal Morgan searched appellant in McFarland's presence at the jail a little over an hour later. Officer McFarland did not see appellant make any attempt to reach his front pocket during the intervening time and opined that appellant would have been unable to reach his front pockets while handcuffed even if he had tried. McFarland testified

- 7 -

further that Corporal Morgan did not have anything in her hands prior to reaching into appellant's pocket and extracting the bag of cocaine. McFarland also testified that he was "disgusted with" himself for not finding the cocaine during his earlier search of appellant, thereby acknowledging his own belief that the cocaine must have been present at the earlier time. Thus, despite McFarland's admission that he "[could not] say for a fact" that appellant simultaneously possessed the cocaine and firearm, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, was that appellant had the cocaine in his pants pocket when Officer McFarland seized the firearm from beneath appellant's jacket.

The trial court expressly or implicitly rejected as unreasonable appellant's hypotheses that the handcuffed appellant intentionally acquired the cocaine after McFarland seized the weapon or that Corporal Morgan planted the cocaine on appellant and concluded the only reasonable hypothesis was the one consistent with appellant's guilt. We hold the court's rejection of appellant's alternative hypotheses of innocence was not plainly wrong, and we affirm his conviction for simultaneously possessing a firearm and cocaine.

### III.

For these reasons, we hold the trial court's denial of appellant's motion to suppress on Fourth and Fifth Amendment grounds was not error and that the evidence was sufficient to prove appellant simultaneously possessed both cocaine and a firearm. Thus, we affirm the challenged convictions.

<u>Affirmed.</u>