COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and White
Argued at Norfolk, Virginia

UNPUBLISHED

DANIEL WILLIAM DRIER

v.      Record No. 0030-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE KIMBERLEY S. WHITE
DECEMBER 13, 2022

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Steven C. Frucci, Judge

Roger A. Whitus (Slipow & Robusto, P.C., on brief), for appellant.

Matthew P. Dullaghan, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.

Daniel William Drier ("Drier") appeals his convictions, following conditional guilty pleas

for possession of a controlled substance and driving on a suspended or revoked license in violation

of Code §§ 18.2-250 and 18.2-272. Drier asserts that the Virginia Beach Circuit Court ("trial

court") erred when it denied his motion to suppress. For the following reasons, we affirm the trial

court's denial of Drier's motion to suppress.

BACKGROUND

"In reviewing the denial of a motion to suppress, we consider the facts in the light most

favorable to the Commonwealth, the prevailing party at trial." *Aponte v. Commonwealth*, 68

Va. App. 146, 156 (2017) (quoting *Hairston v. Commonwealth*, 67 Va. App. 552, 560 (2017)). "It

is the appellant's burden to show that when viewing the evidence in such a manner, the trial court

committed reversible error." *Id.* (quoting *Hairston*, 67 Va. App. at 560). "While we are bound to

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

review *de novo* the ultimate questions of reasonable suspicion and probable cause, we 'review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Long v. Commonwealth*, 72 Va. App. 700, 712 (2021) (footnote omitted) (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

On the morning of January 28, 2021, Officer Cashdollar responded to a call regarding a stolen, red 2014 Nissan Frontier around Atlantic Avenue. At 3:30 a.m., at the intersection of 50th Street and Atlantic Avenue, a red 2014 Nissan Frontier was spotted followed closely by a silver Chrysler van. Officer Cashdollar arrived shortly thereafter and followed the procession of vehicles. The silver Chrysler van mirrored all the lane changes of the Nissan Frontier and appeared to be following it. When both vehicles pulled into a 7-Eleven, parking side by side, Officer Curry initiated a traffic stop. Officer Cashdollar assisted Officer Curry with the traffic stop.

Officer Curry commanded the woman driving the red 2014 Nissan Frontier to exit the vehicle and slowly walk back towards him. Almost immediately, the driver said to the officers, "Sir, we aren't the ones who took the vehicle. We were just bringing it back." While Officer Cashdollar detained her, she indicated that she was armed. After a quick pat down, Officer Cashdollar passed her to another officer and continued to assist Officer Curry.

Next, Officer Curry instructed Drier to exit the silver Chrysler van. Exiting the vehicle, Drier indicated that he "knew about the vehicle" and had the owner of the red 2014 Nissan Frontier on the phone. Assisting Officer Curry, Officer Cashdollar instructed Drier to slowly walk back toward him and placed him in handcuffs. Officer Cashdollar then asked Drier if he was armed to which he responded that he had a knife. During a pat down of Drier, Officer Cashdollar removed the knife; however, he continued to feel a rectangular object in one of the pockets. Drier then admitted that he had another pocketknife in his back pocket. Officer Cashdollar, believing it to be

another knife, removed the rectangular object for his safety and to ensure that it was not another knife. The object was in fact a tightly wrapped Crown Royal bag containing a pipe, which appeared to contain what Officer Cashdollar believed to be methamphetamine residue.

Before trial, Drier filed a motion to suppress the evidence obtained during the *Terry*[1] stop on January 28, 2021. The trial court took the matter under advisement and, after hearing further argument, found that the statements that both individuals were armed justified the pat down. The trial court then denied Drier's motion to suppress. Drier conditionally pled guilty to the charges, reserving his right to appeal the trial court's denial of his motion to suppress. This appeal follows.

ANALYSIS

Drier argues that the pat-down search of his person violated the Fourth Amendment because the officers did not have a reasonable, articulable suspicion that he was armed and presently dangerous.[2] We disagree and affirm the trial court's denial of Drier's motion to suppress.

"The Fourth Amendment protects people from unreasonable searches and seizures." *Williams v. Commonwealth*, 71 Va. App. 462, 476 (2020). "An officer may not automatically conduct a search for weapons during the course of a *Terry* stop." *Baker v. Commonwealth*, 57 Va. App. 181, 189 (2010); *see Terry v. Ohio*, 392 U.S. 1, 27 (1968). However, an officer "may frisk the driver and passengers for weapons if he develops reasonable suspicion during the traffic or *Terry* stop to believe the particular person to be frisked is armed and dangerous." *McCain v. Commonwealth*, 275 Va. 546, 554 (2008). "Such reasonable, individualized suspicion is required even in high crime areas, where any given individual may be armed." *Baker*, 57 Va. App. at 189 (quoting *Maryland v. Buie*, 494 U.S. 325, 334 n.2 (1990)).

---

[1] *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

[2] Although Drier argued on brief that there was no evidence linking him to the stolen vehicle, he conceded in oral argument that this position was unfounded.

"An officer may lawfully pat-down a suspect only when the officer can 'point to particular facts from which he reasonably inferred that the individual was armed and dangerous.'" *Id.* (quoting *Moore v. Commonwealth*, 12 Va. App. 404, 406 (1991)). The relevant circumstances in this analysis include: "the characteristics of the area surrounding the stop, the time of the stop, the specific conduct of the suspect individual, the character of the offense under suspicion, and the unique perspective of a police officer trained and experienced in the detection of crime." *Id.* at 190 (quoting *McCain*, 275 Va. at 554).

Here, the trial court noted: (1) the stop took place at 3:30 a.m.; (2) it was snowing; (3) the nature of the "high crime area"; (4) the offense being investigated involved a stolen vehicle; and (5) the experience of both officers. The trial court agreed that, under the totality of the circumstances, these facts alone would not be sufficient for the pat down. However, the trial court found compelling that the woman driving the stolen red Nissan Frontier had indicated that she was armed prior to Drier's pat down. Coupled with Drier's admission, before the pat down began, that he was armed, the trial court found Officer Cashdollar had reasonable suspicion for the pat down. We agree with the trial court that, under the totality of the circumstances, Officer Cashdollar reasonably inferred that Drier may be armed and was justified in performing the pat down to ensure his safety. *See Baker*, 57 Va. App. at 189-90.

## CONCLUSION

The facts reveal that Drier was not subjected to an unreasonable search and seizure. The trial court did not err in denying Drier's motion to suppress. Accordingly, we affirm the trial court's decision.

*Affirmed.*